09-3371-ag
Chen v. Holder

BIA
Nelson, IJ
A094 800 150

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:

DENNIS JACOBS,
  *Chief Judge*,
GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
  *Circuit Judges*.

_____

JIAN CHEN,
  *Petitioner*,

v.                                          09-3371-ag
                                            NAC
ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
  *Respondent*.

_____

FOR PETITIONER:        Henry Zhang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Shelley R. Goad, Assistant
                       Director, Dalin R. Holyoak, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jian Chen, a native and citizen of the People's Republic of China, seeks review of a July 31, 2009, order of the BIA affirming the December 5, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Chen*, No. A094 800 150 (B.I.A. July 31, 2009), *aff'g* No. A094 800 150 (Immig. Ct. N.Y. City Dec. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. As the IJ noted: (1) Chen failed to assert, either in his credible fear interviews or his

2

first supplemental statement, that he had a physical altercation with public security officials and that one of the officials was injured; and (2) Chen testified that he received medical treatment at his home, but a letter from his mother made no such assertion. The agency was entitled to rely on these inconsistencies to find Chen not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Additionally, there is no merit to Chen's claim that the IJ failed to provide him an opportunity to explain those discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also reasonably found that several aspects of Chen's testimony were implausible. For example, Chen claimed that after he was beaten unconscious for a day, he walked half an hour to the hospital to visit his girlfriend. Additionally, Chen testified that upon seeing him bandaged, his girlfriend had no reaction to his injuries. While Chen offers explanations as to why his testimony was not implausible, such explanations – even if rational – "do not defeat a finding that the account is implausible." *See Ying Li v. BCIS*, 529 F.3d 79, 83 (2d Cir. 2008).

Moreover, there is no merit to Chen's argument that his proceedings were fundamentally unfair. To the contrary, the

3

IJ afforded Chen a meaningful opportunity to be heard. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006). The IJ has broad discretion to determine the scope of questions asked on redirect, *see United States v. Diaz*, 176 F.3d 52, 80 (2d Cir. 1999), and Chen failed to demonstrate how the IJ's limitation of his testimony prejudiced the outcome of his case, *see Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

Accordingly, considering the totality of the circumstances and all relevant factors, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Since the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Finally, we lack jurisdiction to consider Chen's unexhausted challenge to the IJ's denial of his CAT claim. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk